IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02789-KLM

WENDELL ROSE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ARRAY BIOPHARMA INC.,
RON SQUARER,
DAVID HORIN, and
JASON HADDOCK,

    Defendants.

_____

### ORDER
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on the **Motion of Peter Voulgaris for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel** [#10][1] (the "Motion").[2] In the Motion [#10], Peter Voulgaris ("Voulgaris") seeks the consolidation of this matter with Civil Action No. 17-cv-02848-STV (the "*Nauman* Action"), and asks the Court to appoint him Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"). *Motion* [#10] at 6. He also

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] The Motion [#10] indicates that Defendants consent to consolidation and take no position with respect to Mr. Voulgaris' appointment as Lead Plaintiff or selection of counsel. Plaintiff's counsel in 17-cv-02848-STV do not oppose consolidation, and recently filed the Notice [#18] conceding that he does not appear to have the largest financial interest and withdrawing his competing Motion for Consolidation, Appointment as Lead Plaintiffs and Approval of Counsel [#12].

requests appointment of his selection of Levi & Korsinsky, LLP as lead counsel and Berens Law LLC as liaison counsel. *Id.* For the reasons set forth below, the Motion [#10] is **GRANTED**.

## I. Background

In short, Plaintiff, on behalf of other shareholders of Defendant Array Biopharma, Inc. ("Array"), alleges that Defendants made false and misleading statements and failed to disclose information that resulted in the decline of the share price of Defendant Array's securities. *Compl.* [#1] ¶¶ 3-4. Plaintiff seeks to represent a class of individuals and entities who purchased or otherwise acquired Array common stock on the public market between December 16, 2015, and March 17, 2017, and who were damaged. *Id.* ¶ 48. Two individuals, Mr. Voulgaris and Robert Nauman ("Nauman"), initially sought to be designated as the lead plaintiff in this action. However, Mr. Nauman filed a Notice [#18] informing the Court that he does not contest Mr. Voulgaris' Motion. As a result, there is no dispute regarding the requested relief. Nonetheless, the Court must still consider whether Mr. Voulgaris meets the legal standard for appointment as lead plaintiff. Additionally, Plaintiff seeks to consolidate this action with the *Nauman* Action.

## II. Consolidation of the Actions

The PSLRA provides the following:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) [requiring appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

15 U.S.C. § 78u-4(a)(3)(B)(ii).  Because the instant case is the lowest-numbered case and the parties have consented to the jurisdiction of the undersigned, see [#16], this Court decides whether to consolidate these matters.  See D.C.COLO.LCivR 42.1.[3]

Pursuant to Fed. R. Civ. P. 42(a), actions that involve "a common question of law or fact" may be consolidated.  On review of the substance of the Complaints in both matters, the Court concludes that the claims and operative facts in both are substantially similar, and therefore consolidation is appropriate.  See D.C.COLO.LCivR 42.1.  Furthermore, none of the parties involved oppose consolidation.  Accordingly, the Motion [#10] is **GRANTED** in this respect.

### III.  Appointment of Lead Plaintiff and Counsel

Pursuant to the PSLRA, 15 U.S.C. § 78u-4, any member of the putative class may seek appointment as "lead plaintiff" for the remainder of the litigation.  That request must be made within a 60-day period that begins on the date when the original plaintiff publishes notice of the suit.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The Court is required to select as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" (i.e., the "most adequate plaintiff").  15 U.S.C. § 78u-4(a)(3)(B)(I).

In assigning a lead plaintiff, the PSLRA provides a rebuttable presumption that the most adequate plaintiff is the person or persons who: (1) either filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23.  In re

---

[3] The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

*Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 657-58 (D. Colo. 2000). The statute "gives no guidance as to how a presumptive lead plaintiff's financial interest for purposes of making the determination required by subsection (a)(3)(B)(iii)(I)(bb) should be calculated." *In re Spectranetics Corp. Secs. Litig.*, Lead Case No. 08-cv-02048-REB-KLM, 2009 WL 1663953 at *2 (D. Colo. June 15, 2009). Regardless, courts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action. *See, e.g.*, *In re Bally Total Fitness Sec. Litig.*, Lead Case No. 04C3530, 2005 WL 627960 at *4 (N.D. Ill. Mar., 15, 2005) ("the best yardstick by which to judge 'largest financial interest' is the amount of loss, period"); *see also In re Spectranetics Corp.*, 2009 WL 1663953, at *2 (implicitly acknowledging the primacy of determining total loss).

As for the purported lead plaintiff needing to otherwise satisfy the requirements of Rule 23, only two of Rule 23(a)'s four requirements – typicality and adequacy – factor into the analysis of appointing a lead plaintiff. *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000). Typicality exists where the claims of the representative plaintiff "arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class members." *Schwartz v. Celestial Seasonings, Inc.*, 178 F.R.D. 545, 552 (D. Colo. 1998); *see Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975) (typicality exists "so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory"). The adequacy requirement is satisfied on proof of "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *In re Ribozyme*, 192

F.R.D. at 659.  If these prerequisites are met, the presumption created by the statute can be rebutted only by establishing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

It is undisputed that Mr. Voulgaris enjoys the presumptive title of "most adequate plaintiff" based on the size of his financial interest in the litigation.  *Motion* [#10] at 11-12; *Notice of Withdrawal of Motion of Robert Nauman and Jeanette Jennings for Consolidation, Appointment as Lead Plaintiffs and Approval of Counsel* [#18] at 2.  Considering the information provided by Mr. Voulgaris in support of his Motion, and the fact that no other potential class representative with a larger interest has come forward, the Court concludes that he has the "largest financial interest" in this case.  *See Mr. Vulgaris' Decl. Exh. B* [#11-2] at 1 (Loss Chart).

The Court next considers Rule 23's requirements of typicality and adequacy.  Mr. Voulgaris asserts, and the Court agrees, that his claims are typical of the claims asserted by the proposed Class.  *Motion* [#10] at 13-14.  As Mr. Voulgaris explains, his claims are identical to claims of other Class members, and the claims neither compete nor conflict.  *Id.* at 14.  Further, "like the other members of the Class, [he] acquired Array securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby."  *Id.*  Further, the Court agrees that Mr. Voulgaris will fairly and adequately represent the class, as the Court is not aware of any potential conflicts between him and the other purported class members, and Mr. Voulgaris' counsel appears qualified, experienced, and able to "vigorously conduct the proposed

litigation." *See In re Ribozyme*, 192 F.R.D. at 659.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#10] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is **directed** to consolidate Civil Action No. 17-cv-02848-STV with this matter assigned to the undersigned Magistrate Judge. Future filings in both cases shall be docketed under Civil Action No. 17-cv-02789-KLM. The Clerk of the Court is **directed** to amend the caption in this matter to include Robert Nauman as a Plaintiff.

IT IS FURTHER **ORDERED** that the Clerk of the Court is further **directed** to file a Notice of Entry of this Order on the docket of Civil Action No. 17-cv-02848-STV.

IT IS FURTHER **ORDERED** that Mr. Voulgaris is designated as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

IT IS FURTHER **ORDERED** that, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Mr. Voulgaris is authorized to retain his current lead counsel, Levi & Korsinsky, LLP, and Berens Law LLC as liaison counsel, to pursue this action for the Class of securities holders.

Dated: March 12, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge