IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02789-KLM (Consolidated with Civil Action No. 17-cv-02848-STV)

PETER VOULGARIS,
WENDELL ROSE, and
ROBERT NAUMAN,

    Plaintiffs,

v.

ARRAY BIOPHARMA INC.,
RON SQUARER,
VICTOR SANDOR, and
JASON HADDOCK,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Preliminary Approval of Settlement** [#78][1] (the "Motion for Preliminary Approval").  The Court has reviewed the Motion for Preliminary Approval [#78] as well as all papers submitted in support thereof; which, together with the Exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing the Defendants with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; the Stipulation and Agreement of Settlement [#77] and Exhibits annexed thereto; the entire case file and

_____

[1] "[#78]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

the applicable law; and is sufficiently advised in the premises.

**WHEREAS**, all defined terms shall have the same meanings as set forth in the Settlement Agreement;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Motion for Preliminary Approval [#78] is **GRANTED**. The Court does hereby preliminarily approve the Settlement Agreement and the settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Court hereby certifies a Class, defined as: all persons or entities who purchased or otherwise acquired Array common stock between and including June 30, 2016 and March 17, 2017 and were damaged thereby, with the exception of: (a) Array and the Individual Defendants; (b) the officers and directors of Array during the Class Period; (c) members of their immediate families and their legal representatives, heirs, successors, or assigns; and (d) any entity in which the Individual Defendants have or had a controlling interest during the Class Period. Also excluded from the Class are those Persons who validly and timely request exclusion from the Class.

3. With respect to the Class, this Court finds solely for purposes of effectuating this settlement that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) Plaintiffs have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior

to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. A hearing (the "Final Approval Hearing") shall be held before this Court on **October 29, 2021**, at **2:30 p.m.**, in Courtroom A401, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Order Approving Settlement and Final Judgment should be entered; whether the proposed Plan of Allocation should be approved; and to determine whether to approve the Attorneys' Fees and Expenses Application.  The Court may adjourn the Final Approval Hearing without further notice to the members of the Class.

5. The Court approves, as to form and content, the Notice, the Claim Form, and Publication Notice annexed as Exhibits A-1, A-2, and A-3, respectively, to the Stipulation and Agreement of Settlement [#77], and finds that the mailing and distribution of the Notice and publishing of the Publication Notice substantially in the manner and form set forth in ¶¶ 6-7 of this Order, *infra*, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified through reasonable efforts, and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The firm of JND Legal Administration ("Settlement Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Settlement Administrator shall make reasonable efforts to identify all Persons who are members of the Class and not later than **fifteen (15) calendar days** after entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and post on its website the Settlement Agreement and Exhibits and provide a dedicated link to the website in the Notice (www.ArrayBiopharmaSecuritiesLitigation.com);

(b) Not later than **ten (10) calendar days** following the mailing of the Notice and Claim Form, the Settlement Administrator shall cause the Publication Notice to be published once in *Investor's Business Daily* and on *PR Newswire*; and

(c) At least **seven (7) calendar days** prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased or otherwise acquired Array common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Claim Form to all beneficial owners of such Array Biopharma common stock within **ten (10) calendar days** after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Settlement Administrator within **ten (10) calendar days** of receipt

thereof, in which event the Settlement Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. The Settlement Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund (not to exceed $0.50 per mailing including postage), which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. All members of the Class shall be subject to and be bound by the provisions of the Settlement Agreement, the releases contained therein, and the Order Approving Settlement and Final Judgment with respect to all Released Plaintiffs' Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or a similar document, any distribution from the Settlement Fund or Net Settlement Fund. All members of the Class shall also be subject and bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

9. Class Members who seek any portion of the Settlement Fund shall complete and submit the Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than **ninety (90) calendar days** from the Notice Date. Any Class Member who fails to timely submit a Claim Form within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for

processing by the Settlement Administrator so long as distribution of the Settlement Fund is not materially delayed thereby. If there are sufficient funds left in the Settlement Fund after six months from the initial date of distribution, the Settlement Administrator shall make a second distribution in an equitable and economic fashion. As set forth in the Notice, the second distribution would be based on the percentage of the Net Settlement Fund that each such Authorized Claimant bears to the total of the claims of all Authorized Claimants who cashed their checks in the initial distribution. Additionally, only Authorized Claimants who cashed their checks in the initial distribution would receive a second distribution.

10. Any Member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. Any Person who would otherwise fall within the definition of a Class Member may, upon request, be excluded from the Class. Any such Person must submit to the Settlement Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **twenty-five (25) calendar days** prior to the Final Approval Hearing. A Request for Exclusion must state:

(a) the name, address, and telephone number of the Person requesting exclusion;

(b) each of the Person's purchases, acquisitions and sales of Array securities made during the Class Period, including the dates of purchase, acquisition or sale, and the price paid or received for each such purchase, acquisition or sale (unless such information is not readily available); and (c) that the Person wishes to be excluded from the Class. Any Person who submits a valid and timely Request for Exclusion in the manner set forth in this

paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement Agreement or the Order Approving Settlement and Final Judgment entered in the Action.

12. Upon receiving any request(s) for exclusion, Lead Counsel or the Settlement Administrator shall provide copies of all requests for exclusion and all written retractions of requests for exclusion to Defendants' Counsel via electronic mail within **five (5) calendar days of receipt**.

13. Any member of the Class who does not request exclusion may appear and show cause, if he, she, or it has any, why the proposed settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why the Attorneys' Fees and Expenses Application should or should not be awarded to counsel for the Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Colorado, no later than **twenty-five (25) calendar days** prior to the Final Approval Hearing.  An objection must state: (a) the name, address, and telephone number of the Person making the objection; (b) each of the Person's purchases, acquisitions and sales of Array securities made during the Class Period, including the dates of purchase, acquisition or sale, and the price paid or received for each such purchase, acquisition or sale; and (c) the reasons for the objection. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, to the Plan of Allocation, or to the Attorneys' Fees and Expenses Application, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

15. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and the Attorneys' Fees and Expenses Application shall be filed and served no later than **forty (40) calendar days** prior to the Final Approval Hearing. Any reply briefs and supporting documents shall be filed and served no later than **fifteen (15) calendar days** prior to the Final Approval Hearing.

16. Neither the Released Persons nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or the Attorneys' Fees and Expenses Application submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

17. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and the Attorneys' Fees and Expenses Application shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the settlement is not approved by the Court, or otherwise fails to

become effective, neither Plaintiffs, nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to the Settlement Agreement.

19. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, any allegation made in the Action, or of any wrongdoing or liability of the Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed or used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither the Settlement Agreement nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement shall be admissible in any proceeding for any purpose except that the Releasees may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court

may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

21. The Court retains jurisdiction over all proceedings arising out of or related to the Settlement Agreement and/or the settlement.

22. If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, and the Settlement Agreement and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante*.

23. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Settlement Agreement.

24. Pending final determination as to whether the Settlement set forth in the Settlement Agreement should be approved, no Class Member shall commence, prosecute, pursue or litigate any Claim covered by the Releases in the Settlement Agreement.

Dated: May 4, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge