IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02789-KLM (Consolidated with Civil Action No. 17-cv-02848-STV)

PETER VOULGARIS,
WENDELL ROSE, and
ROBERT NAUMAN,

    Plaintiffs,

v.

ARRAY BIOPHARMA INC.,
RON SQUARER,
VICTOR SANDOR, and
JASON HADDOCK,

Defendants.
_____

**ORDER APPROVING DISTRIBUTION PLAN**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' Unopposed Motion for Approval of Distribution Plan [#100].  This Motion was granted by a separate Order in which the Court found that the distribution plan was reasonable and stated that this Order Approving Distribution Plan would be issued by the Court.

    NOW, THEREFORE, IT IS HEREBY ORDERED that:

    1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 28, 2021 [#77] (the "Stipulation") and the Declaration of Luiggy Segura ("Segura Declaration") [#100-1] and all terms used in this Order shall have the same meanings as defined in the Stipulation or in the Segura Declaration.

    2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

a. The administrative recommendations of the Court-approved Claims Administrator, JND Legal Administration ("JND"), to accept the Timely Eligible Claims stated in Exhibit D to the Segura Declaration and the Late But Otherwise Eligible Claims stated in Exhibit E to the Segura Declaration, are adopted;

b. The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as stated in Exhibit F to the Segura Declaration, including the Disputed Claim discussed in paragraph 33 of the Segura Declaration and set forth in Exhibit F to the Segura Declaration, are adopted;

c. JND is directed to conduct an Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees as stated in paragraph 46(a) of the Segura Declaration (the "Distribution"). Specifically, as stated in paragraph 46(a) of the Segura Declaration: (1) JND will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. In accordance with the Court-approved Plan of Allocation, JND will calculate each Authorized Claimant's pro rata share of the Net Settlement Fund as stated in subparagraph 46(a)(1) of the Segura Declaration; (2) JND will, in accordance with the terms of the Court-approved Plan of Allocation, calculate the total amount each Authorized Claimant would recover in accordance with the calculations stated in subparagraph (a)(1) above and then it will eliminate from the

distribution any Authorized Claimant whose total pro rata share of the Net Settlement Fund is less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by JND; (3) After eliminating Claimants who would have received less than $10.00, JND will calculate the pro rata shares of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more (the "Distribution Amount"); and (4) After deducting the payments to the Claims Paid in Full, the remaining balance of the Net Settlement Fund will be distributed pro rata to Authorized Claimants whose Distribution Amount calculates to $10.00 or more under subparagraph (a)(3) above;

      d. In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE." Lead Counsel and JND are authorized to take appropriate action to locate and contact any Authorized Claimant who has not cashed his, her, or its check within said time as detailed in paragraph 46(b) footnote 3 of the Segura Declaration;

      e. Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 46(b) footnote 3 of the Segura Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all of these stale-dated checks will be available to be distributed to other Authorized Claimants, if Lead Counsel, in consultation with JND, determines that it is cost-effective to conduct a second distribution. Similarly,

Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions stated in paragraph 46(b) footnote 3 of the Segura Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

    f. After JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (provided in paragraph 46(b) footnote 3 of the Segura Declaration), but not earlier than six (6) months after the Initial Distribution, JND will, if Lead Counsel, in consultation with JND, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), in which any amount remaining in the Net Settlement Fund after the Initial Distribution (including from the Reserve and the funds for all void stale-dated checks), after deducting JND's fees and expenses incurred in administering the Settlement for which it has not yet been paid (including JND's estimated costs of the Second Distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their pro rata share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with JND, determines that further distribution is not cost-effective;

g.  When Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after March 7, 2023, those Claims will be processed, and any otherwise valid Claims received after March 7, 2023, as well as any earlier-received Claims for which an adjustment was received after March 7, 2023, which resulted in an increased Recognized Claim amount, will be paid in accordance with subparagraph (h) below.  If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to the Investor Protection Trust or other appropriate non-profit organization to be selected by Lead Counsel;

h.  No new Claims may be accepted after March 7, 2023, and no further adjustments to Claims received on or before March 7, 2023, that would result in an increased Recognized Claim amount may be made for any reason after March 7, 2023, subject to the following exception.  If Claims are received or modified after March 7, 2023, that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with JND, determines a distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate

tax returns, and any escrow fees, these Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a pro rata basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

    i.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants;

    j.  All of JND's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as stated in the invoices attached as Exhibit G to the Segura Declaration are approved, and Lead Counsel is directed to pay the outstanding balance out of the Settlement Fund to JND; and

    k.  Unless otherwise ordered by the Court, one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the

Distribution, JND may destroy the paper copies of the Claims and all supporting documentation, and one year after all funds have been distributed, JND may destroy electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

Dated: April 17, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge